N. Ari Weisbrot, Esq. (ID #007431995)
**LAW OFFICE OF N. ARI WEISBROT LLC**
1099 Allessandrini Avenue
New Milford, New Jersey 07646
Phone: (201) 788.6146;  Fax: (201) 788.6146
Email:  aweisbrot@weisbrotlaw.com
*Attorneys for Plaintiff*

| | |
|---|---|
| WILLIAM LAFORET,<br><br>          Plaintiff,<br><br>v.<br><br>MAYOR JOHN ROTH, GERALDINE ENTRUP, THOMAS MULVEY, and TOWNSHIP OF MAHWAH,<br><br>          Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No. 2020-cv-<br><br><br>**COMPLAINT** |

Plaintiff William Laforet ("Laforet" or "Plaintiff") by and through his attorneys, the Law Office of N. Ari Weisbrot LLC, by way of Complaint against Defendants Mayor John Roth, Geraldine Entrup, Thomas Mulvey, and the Township of Mahwah (collectively "Defendants") hereby alleges and says as follows:

### INTRODUCTION

1. Plaintiff William Laforet ("Laforet" or "Plaintiff'") respectfully brings this action to recover monies, damages, and injunctive relief from and against Defendants Mayor John Roth, Geraldine Entrup, Thomas Mulvey, and the Township of Mahwah, arising from the unlawful deprivation of his civil and lawful rights.

### THE PARTIES

2. Plaintiff William Laforet is an individual with a place of residence located at 69 Armour Road, Mahwah NJ 07430, in the County of Bergen.

1043809.1

3. Defendant John Roth, is an individual with a place of residence located at 57 Armour Road, Mahwah NJ 07430, in the County of Bergen.

4. Defendant Thomas Mulvey is an individual with a place of residence located at 123 Airmont Avenue, Mahwah NJ 07430, in the County of Bergen.

5. Defendant Geraldine Entrup is an individual with a place of residence located at 184 Third Street, Mahwah NJ 07430, in the County of Bergen.

6. Defendant Township of Mahwah is an incorporated municipality, with a principal place of business located at 475 Corporate Drive, Mahwah NJ 07430.

7. Defendant Roth is the Mayor of Mahwah.  Defendant Entrup is the Department head for Mahwah's Planning, Zoning, & Property Maintenance Department.   Defendant Mulvey is the Property Code official of Mahwah.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and, with respect to certain claims, 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over the Defendants insofar as they reside in and/or conduct business in this State and in this district. Moreover, all of the transactions occurred in this District and the causes of action arose herein.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(l) and (2) because all Defendants reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

11. Plaintiff owns and operates a Sunoco gas station located at 197 Franklin Turnpike, Mahwah, New Jersey (the "Premises")

1043809.1

12. Between about March 1998, and August 2020, Plaintiff displayed an American flag on his Premises.

13. Thereafter, in a brazen act of political retribution, the Defendants caused a summons to be issued to Plaintiff - - a former mayor and alleged political rival of Defendant Roth - - even though no such summonses were issued for any other Mahwah businesses or individuals.

14. In or about July 2020, Plaintiff again displayed an American flag on his Premises.

15. There is no ordinance, law, rule, or regulation that would prohibit such a patriotic and caring display.

16. Indeed, the Township of Mahwah has not issued any other summonses or violations based on the display of the American Flag.

17. Defendant Roth has made it a point of his administration to attack and harass the Plaintiff. His actions are, *per se*, arbitrary, capricious, and unreasonable.

18. Although cloaked in the appearance of official duties, the Defendants took these actions in their personal capacities, as a personal vendetta against the Plaintiff. In fact, the "summonses" have nothing to do with the "official capacity" of the Defendants. They merely used their offices to advance their personal agendas and, in doing so, acted in their personal capacities. That is clear from the failure to issue summonses against any other display of the American Flag in the Township. Had this been "official" duties, surely, they would have enforced their laws in a reasonable and consistent manner.

## COUNT ONE
### (Violation of the Civil Rights Act of 1866, 42 U.S.C. § 1982)

19. Plaintiff repeats and realleges each of the foregoing allegations as set forth more fully at length herein.

1043809.1

20. The Defendants' discriminatory practices, motivated by malice and/or callous disregard for the rights of the Plaintiff, deprive the Plaintiff of his rights to free expression, free speech, and the freedom to display the American Flag, in violation of the Civil Rights Act of 1866, 42 U.S.C. §1982, as well as under the Constitutions of the United States and the State of New Jersey.

## COUNT TWO
### (Violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983)

21. Plaintiff repeats and realleges each of the foregoing allegations as set forth more fully at length herein.

22. The Defendants' discriminatory practices, motivated by malice and/or callous disregard for the rights of the Plaintiff, deprive Plaintiff of his right of equal access to law, in violation of the Federal Civil Rights Act of 1871. 42 U.S.C. §1983.

## COUNT THREE
### (Violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.)

23. Plaintiff repeats and realleges each of the foregoing allegations as set forth more fully at length herein.

24. The Defendants' discriminatory practices with regard to the administration of programs, motivated by malice and/or callous disregard for the rights of the Plaintiff, violate the Civil Rights Act of 1964, 42 U.S.C. §2000d et seq.

## COUNT FOUR
### (Violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States)

25. Plaintiff repeats and realleges each of the foregoing allegations as set forth more fully at length herein.

1043809.1

26. The Defendants' discriminatory practices, motivated by malice and/or callous disregard for the rights of the Plaintiff, deprive the Plaintiff of his rights under the Equal Protection Clause of the United States Constitution.

## COUNT FIVE
### (Violation of the Freedom to Display American Flag Act of 2005 109 P.L. 243, 120 Stat. 572, 109 P.L. 243, 2006)

27. Plaintiff repeats and realleges each of the foregoing allegations as set forth more fully at length herein.

28. Pursuant to *109 P.L. 243, 120 Stat. 572, 109 P.L. 243, (2006),* congress enacted the Freedom to display the American Flag Act of 2005. It was signed into law by President Bush in 2005.

29. The Act prohibits any restrictions on homeowners from displaying the flag of the United States on their property.

30. In issuing "spite" violations for the display of the American Flag on the Premises, the Defendants have violated the Act.

## COUNT SIX
### (Harassment)

31. Plaintiff repeats and realleges each of the foregoing allegations as set forth more fully at length herein.

32. The Defendants' discriminatory practices, motivated by malice and/or callous disregard for the rights of the Plaintiff, constitute harassment under the law.

33. The Defendants' harassment of Plaintiff has caused him damages.

## COUNT SEVEN
### (Injunctive Relief)

34. Plaintiff repeats and realleges each of the foregoing allegations as set forth more fully at length herein.

5

1043809.1

35. The Defendants' pattern of discrimination, harassment, and violation of Plaintiffs' Civil Rights will continue unless and until this Court puts a stop to it.

36. Accordingly, Plaintiffs asks this Court to enter a permanent injunction prohibiting the Defendants from their unlawful conduct, as described herein.

WHEREFORE, Plaintiff William Laforet hereby demands judgement in his favor and against Defendants Mayor John Roth, Geraldine Entrup, Thomas Mulvey, and the Township of Mahwah in an amount to be determined at trial but in no event less than $50 million, plus interest, costs of suit, punitive damages, and attorney's fees. In addition, Plaintiff demands judgment entering a preliminary and permanent injunction, prohibiting the Defendants from their discriminatory, harassing, and unlawful conduct, and for such further relief as the Court may deem just, equitable, and proper.

Dated:   September 8, 2020

**LAW OFFICE OF N. ARI WEISBROT LLC**

By: _____
Nathaniel Ari Weisbrot, Esq.
1099 Allessandrini Avenue
New Milford, New Jersey 07646
(201) 788.6146
aweisbrot@weisbrotlaw.com
*Attorneys for Plaintiff*